UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

USDC CLERK...
RECEIVED
2006 JAN 31  A 9: 04

| | |
|---|---|
| James Donnie Skelton, # 92018-071, | ) C/A No. 9:06-0247-GRA-GCK |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| United States of America; and John LaManna, Warden of FCI-Edgefield, | ) |
| Respondents. | ) |

# Background of this Case



The petitioner, who is a federal inmate at FCI-Edgefield, has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] In the § 2241 petition in the case at bar and in an attached memorandum, the petitioner contends that his sentences violate the holdings in <u>United States v. Booker</u>, 543 U.S. 220, 160 L.Ed.2d 621, 125 S.Ct. 738, 2005 U.S. LEXIS® 628 (2005); <u>Blakely v. Washington</u>, 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct.

---

[1]In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

2531, 2004 U.S. LEXIS® 4573 (2004); and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, 2362-2363, 2000 U.S. LEXIS® 4304 (2000).

The petitioner raises various grounds in the petition and in the attached memorandum. The petitioner contends: (1) the indictment was defective because the quantity of drugs was not charged in the indictment; (2) the government did not establish beyond a reasonable doubt the elements required to show possession with intent to distribute; (3) the district court erred in determining that the petitioner's base offense level was Level 34; (4) the government did not fully comply with 21 U.S.C. § 851 because the guideline conflicted with the statute; (5) the petitioner's criminal history was in error because he was classified as a Category III offender instead of a Category II offender; (6) the petitioner's "first and only" § 2255 action was adjudicated before <u>Apprendi</u> was decided; (7) in light of "recent national precedent from <u>Apprendi</u> to <u>Booker</u>, Petitioner's application must be reviewed and his sentence adjusted[;]" (8) "Petitioner's sentence, applied under the heavy burden of the Federal Sentencing Guidelines, violates the standards and principles of due process embodied in the Federal Constitution and must be reversed[;]" (9) the Sentencing Guidelines were unconstitutionally applied

2

to the petitioner; (10) "[c]ertainly the government will stand in the way of a proper application of due process and claim Booker has not been declared retroactive and does not meet the standards for retroactivity[;]" (11) "[t]hese arguments are inherently false, misleading and fundamentally inapposite to our sense of fairness and integrity in our criminal justice system[;]" (12) the district court violated the petitioner's right to a jury trial by finding facts relating to amount of drugs, role leader, criminal history, and supervised release when it gave the petitioner "additional time" on his sentence; (13) the district court erred by imposing a two-point role enhancement under U.S.S.G. §3B1.1(c); (14) an evidentiary hearing should be held in this case; and (15) this district court should issue an "Order vacating the sentence previously imposed due to the errors of constitutional magnitude outlined herein."

# *The Petitioner's Prior Cases*

The petitioner has two (2) prior cases in the United States District Court for the District of South Carolina. In United States v. James Donnie Skelton, Criminal No. 8:95-0834-8, the Grand Jury on September 26, 1995, issued an indictment charging the petitioner with two drug offenses and with possession

of a firearm during a drug trafficking crime. Counts 1, 10, and 11 concerned the petitioner. At the time of the indictment, the petitioner was confined at the Greenwood County Detention Center on state charges. On February 2, 1996, counsel for the petitioner filed an interlocutory appeal in the criminal case (Fourth Circuit Docket No. 96-4101). Fourth Circuit Docket No. 96-4101 was the appeal taken from the denial of the petitioner's motion to dismiss on Double Jeopardy grounds.

The docket sheet in Criminal No. 8:95-0834-8 indicates that on February 7, 1996, during jury selection, the court granted the government's motion to dismiss count 11 (use of firearm) with respect to the petitioner. A jury trial was held before the Honorable G. Ross Anderson, Jr., United States District Judge, on February 13, 1996. On February 14, 1996, the jury returned verdicts of guilty on Counts 1 and 10.



A "contested" sentencing hearing was held before Judge Anderson on July 1, 1996. Judge Anderson sentenced the petitioner to three hundred twenty-seven (327) months each as to Count 1 and Count 10 with the terms to run concurrently. The formal judgment and commitment ("J&C") was filed on July 9, 1996. On July 10, 1996, counsel for the petitioner filed a Notice of Appeal (Fourth Circuit Docket No. 96-4566).

On appeal, the United States Court of Appeals for the Fourth Circuit, in a consolidated opinion for the interlocutory appeal (Fourth Circuit Docket No. 96-4101) and the direct appeal (Fourth Circuit Docket No. 96-4566), affirmed the petitioner's convictions, and held that the dual sovereignty doctrine precluded the petitioner's Double Jeopardy claims.[2] See <u>United States v. James Donnie Skelton</u>, 131 F.3d 138 [Table], 1997 U.S.App. LEXIS® 34140, 1997 WESTLAW® 746760 (4th Cir., December 4, 1997).

On December 3, 1998, counsel for petitioner filed a motion to vacate under 28 U.S.C. § 2255. See pleadings in <u>James Donnie Skelton v. United States of America</u>, Civil Action No. 8:98-3522-13. Judge Anderson directed the United States to respond to the petition. After receiving an extension of time, the United States filed an answer on April 20, 1999. In an order filed in Civil Action No. 8:98-3522-13 on August 12, 1999, Judge Anderson dismissed the petition and granted summary judgment to the United States.



---

[2]Both state and federal criminal charges may arise from the same conduct. See <u>Rinaldi v. United States</u>, 434 U.S. 22, 28, 54 L.Ed.2d 207, 98 S.Ct. 81 (1977)("dual sovereignty" doctrine); <u>United States v. Woolfolk</u>, 399 F.3d 590, 595, 2005 U.S.App. LEXIS® 3504 (4th Cir. 2005)(collecting cases); and <u>United States v. Louisville Edible Oil Products, Inc.</u>, 926 F.2d 584, 587, 1991 U.S.App. LEXIS® 3371 (6th Cir.)(explaining that the "dual sovereignty" doctrine recognizes the power of state and federal authorities to bring separate criminal suits against a defendant arising out of the same underlying conduct), cert. denied, 502 U.S. 859, 116 L.Ed.2d 140, 112 S.Ct. 177, 1991 U.S. LEXIS® 5460 (1991).

The petitioner's appeal in Civil Action No. 8:98-3522-13 (Fourth Circuit Docket No. 99-7371) was not successful. On September 26, 2000, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability. United States v. Skelton, 230 F.3d 1356 [Table], 2000 U.S. App. LEXIS® 23803, 2000 WESTLAW® 1390137 (4th Cir, September 26, 2000).

# *Discussion*



Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and supporting memorandum pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d

219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[3] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v.

---

[3]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

7

Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373, 1997 U.S.App. LEXIS® 22752 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. See In re Dorsainvil, 119 F.3d 245, 249, 1997 U.S.App. LEXIS® 18963 (3rd Cir. 1997)(collecting cases).



"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, 1994 U.S.App. LEXIS® 159 (7th Cir.1994). Since the petitioner is seeking relief from his sentences, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. See United States v. Morehead, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as

8

a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." <u>United States v. Evans</u>, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

<u>United States v. Morehead</u>, <u>supra</u>.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> * * * *Many decisions in this circuit hold that substance controls over the caption.
>
>> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to

9

> dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

United States v. Lloyd, 398 F.3d 978, 979-980, 2005 U.S.App. LEXIS® 3429 (7th Cir. 2005). *See also* United States v. Winestock, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied,* Winestock v. United States, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003).

Even so, the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit have not declared Blakely or Booker to be retroactive to cases on collateral review. Collateral review in federal court includes habeas corpus actions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 28 U.S.C. § 2254.[4] Since the United States Supreme Court did not expressly hold that its decision in Booker is retroactive, the above-

---

[4] A "collateral attack" upon a state or federal conviction usually refers to an application for post-conviction relief, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or under 28 U.S.C. § 2241, or a motion or action brought under 28 U.S.C. § 2255. The Supreme Court of the United States has pointed out that a prisoner who collaterally attacks his or her conviction has a higher hurdle to overcome in alleging errors during his or her trial (or guilty plea proceeding) than he or she confronts in a direct appeal. *See* Engle v. Isaac, 456 U.S. 107, 134-135 (1982).

captioned case is controlled by In Re Vial, 115 F.3d 1192, 1194-1198, 1997 U.S.App. LEXIS® 14166 (4th Cir. 1997)(*en banc*), where the United States Court of Appeals for the Fourth Circuit ruled that a state or federal prisoner must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255.  In Vial, the Court of Appeals ruled that a state or federal prisoner hoping to benefit from a recent United States Supreme Court decision which allegedly resulted in a change of law affecting his conviction or sentence must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255.  The Court in Vial declined to apply retroactively a new case raised by the petitioner in his post-conviction relief motion because: (1) the Court of Appeals determined that the case did not create new "constitutional" law; and (2) in any event, the opinion the petitioner sought to apply in collaterally attacking his conviction had not been explicitly made retroactive to cases for post-conviction relief by the United States Supreme Court. 115 F.3d at 1196-1197.

Moreover, the United States Court of Appeals of the Fourth Circuit has expressly held that Booker is not retroactive.  United States v. Morris, 429

F.3d 65, 67-72, 2005 U.S.App. LEXIS® 23991 (4th Cir. 2005), which arose in the District of South Carolina.

The petitioner's attention is directed to the decisions of the United States Court of Appeals for the Fourth Circuit in United States v. Sanders, 247 F.3d 139, 2001 U.S.App. LEXIS® 6258 (4th Cir. 2001), *cert. denied*, Sanders v. United States, 534 U.S. 1042, 151 L.Ed.2d 445, 122 S.Ct. 573, 2001 U.S. LEXIS® 10543 (2001); and San-Miguel v. Dove, 291 F.3d 257, 2002 U.S.App. LEXIS® 9581 (4th Cir. 2002), *cert. denied*, San-Miguel v. Dove, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46, 2002 U.S. LEXIS® 7311 (2002), and *cert. denied*, Young v. Conley, 537 U.S. 938, 123 S.Ct. 46, 2002 U.S. LEXIS® 7310 (2002), both of which raised claims under Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, 2362-2363, 2000 U.S. LEXIS® 4304 (2000). In Sanders, the Court of Appeals held that the new rule in Apprendi v. New Jersey was not applicable to cases on collateral review. In San-Miguel, the Court of Appeals upheld this court's summary dismissal of a § 2241 action raising Apprendi claims. Since the claims raised by the petitioner relate to his sentences, the petitioner's claims in the above-captioned case are not cognizable under 28 U.S.C. § 2241 under the holdings in San Miguel and Sanders.

The fact that the petitioner may be precluded from raising his Booker, Blakely, and Apprendi issues in a § 2255 petition does not render a § 2255 petition inadequate or ineffective. Phillips v. Jeter, 2005 U.S.Dist. LEXIS® 2939, 2005 WESTLAW® 465160, *1-*2 (N.D.Texas, February 25, 2005)(magistrate judge's Report and Recommendation). Compare In Re Vial, supra, with United States v. Collins, 401 F.3d 212, 220-222, 2005 U.S.App. LEXIS® 3503 (4th Cir. 2005)(direct appeal; sentences vacated and case remanded because of Blakely and Booker violations). Cf. also United States v. Winestock, supra; and Rhodes v. Houston, 258 F. Supp. 546 (D. Neb. 1966).[5]

---

[5]The holding in United States v. Winestock is based on longstanding case law. This longstanding case was discussed by forty years ago by the United States District Court for the District of Nebraska in Rhodes v. Houston:

> The invulnerability to a trial court's intrusion upon, or disregard of, a judgment or decree founded in, or supported by, an appellate mandate, is devoid of novelty. For example, in 1897, Mr. Justice Gray in In re Potts, 166 U.S. 263, 267, 268, 17 S.Ct. 520, 521, 522, 41 L.Ed. 994, wrote:
>
>> 'When the merits of a case have been once decided by this court on appeal, the circuit court (by which name the trial court was then known) has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. Ex parte Story, 12 Pet. 339 (9 L.Ed. 1108); Southard v. Russell, 16 How. 547, (14 L.Ed. 1052); Ex parte Dubuque & P.R. Co., 1 Wall. 69, (17 L.Ed. 514); Stewart v. Salamon, 97 U.S. 361, (24 L.Ed. 1044; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, (37 L.Ed. 432). In this respect a motion for a new trial or a petition for a rehearing stands upon

(continued...)

Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Fourth Circuit. Before the petitioner attempts to file another petition regarding his sentence under 28 U.S.C. § 2255, the petitioner **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[6]  The five-page form is entitled "Motion for

---

(...continued)
> the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in Southard v. Russell, above cited, said: 'Nor will a bill of review lie in the case of newlydiscovered evidence after the publication or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits."

Rhodes v. Houston, 258 F. Supp. at 567 (quotation downloaded from WESTLAW® [unbalanced quotation marks in original]).

[6]See Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section
(continued...)

(...continued)
2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

> "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> "(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30

(continued...)

Authorization to File Successive Application under 28 U.S.C. § 2244." The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1110 East Main Street — Suite 501, Richmond, Virginia 23219-3517.

# Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert.*

---

(...continued)
        days after the filing of the motion.

> "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

> "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

Although the statute quoted above, facially, applies to petitions under 28 U.S.C. § 2254, the final paragraph of 28 U.S.C. § 2255 makes it applicable to actions under 28 U.S.C. § 2255.

*denied*, 400 U.S. 906 (1970); <u>Toney v. Gammon</u>, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); <u>Baker v. Marshall</u>, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

January 30, 2006  
Charleston, South Carolina

George C. Kosko  
United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

18